# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1109V
(Not to be published)

| | | |
|---|---|---|
| **************************** | | |
| KATHERINE KESTERSON, | * | Chief Special Master Corcoran |
| | * | |
| Petitioner, | * | Filed: October 16, 2020 |
| | * | |
| v. | * | |
| | * | Attorney's Fees and Costs; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | Expert Costs; Final Award |
| | * | |
| Respondent. | * | |
| **************************** | | |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Sarah Christina Duncan*, U.S. Dep't of Justice, Washington, D.C., for Respondent.

### DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On September 6, 2016, Katherine Kesterson filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that she suffered from Guillain-Barré syndrome and/or Transverse Myelitis as a result of her October 29, 2014 receipt of the influenza ("flu") vaccine. Moreover, Petitioner alleges that she experienced residual effects of this injury for more than six months.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). This means that the Decision will be available to anyone with access to the internet. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Both parties agreed in a stipulation (filed on March 24, 2020) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation. I reviewed the file, and based upon that review, I concluded that the parties' stipulation was reasonable. I therefore adopted it as my decision in awarding damages on March 24, 2020. *See* Public Decision (ECF No. 82) at 2.

Petitioner has now filed a motion for a final award of attorney's fees and costs for all work performed on the matter since its inception. Motion, filed August 13, 2020 (ECF No. 85) ("Fees App."). Petitioner requests a final award of $78,449.54 —$54,439.50 in attorney's fees, plus $23,602.69 in attorney's costs, along with $407.35 in Petitioner's costs—for the work of primarily three attorneys (Mr. Ronald Homer, Ms. Christina Ciampolillo, and Mr. Patrick Kelly) as well as the supportive work of multiple paralegals. Fees App. at 1-2. The costs requested include costs for medical record retrieval, mediation costs, travel expenses, expert costs, and filing fees.

Respondent reacted to the motion on August 26, 2020, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring to my discretion to determine the amount to be awarded. (ECF No. 87). Petitioner did not file a reply thereafter.

## ANALYSIS

### I.     Standards for Fees Awards

Under the Vaccine Act, petitioners who receive compensation for their injuries are by statute entitled to an award of attorney's fees and costs. However, such fees and costs must be "reasonable." Section 15(e)(1). It is for the special master to evaluate and decide whether this is the case. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994). To this end, special masters have discretion in determining what a reasonable fees award is, and may reduce hours *sua sponte*, apart from objections raised by Respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208-09 (2009); *Perreira*, 27 Fed. Cl. At 34 (special master has "wide discretion in determining the reasonableness" of attorney's fees and costs).

The special master is not obligated to evaluate a fees petition on a line-by-line basis. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993) (approving the special master's elimination of 50 percent of the hours claimed); *see also Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728–29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction in the number of hours from 515.3 hours to 240 hours); *Edgar v. Sec'y of Health & Human Servs.*, 32 Fed. Cl. 506 (1994) (affirming the special master's awarding only fifty-eight percent of the numbers of hours for which compensation was sought). Rather (as the United States Supreme Court instructs) when awarding attorney's fees special masters may use estimates to achieve "rough justice." *Fox v. Vice*, 131 S.Ct. 2205, 2216 (2011).

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the *Davis* exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys and support staff, based on the years work was performed:

|  | **2016** | **2017** | **2018** | **2019** | **2020** |
|---|---|---|---|---|---|
| **Ronald C. Homer, Esq.** | $400.00 | $409.00 | $421.00 | - | $477.00 |
| **Christina Ciampolillo, Esq.** | $300.00 | $307.00 | $342.00 | $350.00 | $380.00 |
| **Patrick Kelly, Esq.** | - | - | - | $205.00 | $225.00 |
| **Paralegals** | $135.00 | $138.00 | $142.00 | $145.00 | $155.00 |

Attorneys at Conway, Homer, P.C. have long been recognized to practice in forum, entitling them to commensurate rates. In addition, I have recently considered the rates of the same attorneys and legal professionals representing Petitioner in this case, and found them to be reasonable. *See Tafuri v. Sec. of Health & Human Servs.,* No. 18-1667V, 2020 WL 5032478, at *1 (Fed. Cl. Spec. Mstr. July 24, 2020) (awarding Mr. Homer a rate of $477.00 per hour, Ms. Ciampolillo a rate of $380.00 per hour, and Mr. Kelly a rate of $155.00 per hour for work

performed in 2020). And, the hourly rates requested are also consistent with the Office of Special Masters' fee schedule.[3] Therefore, I find no cause to reduce them in this case.

### III.     Calculation of Attorney Costs

Petitioner requests an award of $23,602.69 for costs incurred since the claim's filing, including medical record retrieval, travel and mediation expenses, and expert work performed by Dr. Souayah. Fees App., at 2. I have reviewed the requested costs and find the amounts requested for medical records, court filings, and the work of Dr. Souayah to be reasonable, including the hourly rate requested for his time.[4]

### IV.     Calculation of Petitioner Costs

Petitioner also requests an award of $407.35 for costs incurred since the claim's filing, including fees paid for case filing and postage. Such costs are typical in Program cases, Respondent does not otherwise object to their reasonableness, and I therefore award them as requested.

## CONCLUSION

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of a final fees award, and based on the foregoing, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs. I therefore award a total of **$78,449.54**—representing $54,439.50 in attorney's fees, plus $23,602.69 in attorney's costs and $407.35 in Petitioner's costs—in the form of checks payable to Petitioner and Petitioner's Counsel, Ronald C. Homer, Esq.

---

[3] The 2015–2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.

The 2019 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] Dr. Souayah's rate of $500.00 per hour has been approved and awarded in the program. *See* e.g. *Warkoczewski v. Sec'y of Health & Human Servs.*, No. 17-284V, 2018 WL 7286514 (Fed. Cl. Spec. Mstr. Dec. 17, 2018); *Taylor v. Sec'y of Health & Human Servs.*, No. 13-700V, 2018 WL 6291355, at *4 (Fed. Cl. Spec. Mstr. Oct. 30, 2018) *Gowans v. Sec'y of Health & Human Servs.*, No. 14-440V, 2017 WL 1842824, at *5 (Fed. Cl. Spec. Mstr. April 12, 2017).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[5]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.